IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher M. Cooper, | ) | C/A No.: 1:13-239-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Tommy George and Sandra A. George, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Tommy George and Sandra A. George, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Diesel & Engine Service, Inc., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

Defendants Tommy and Sandra George, proceeding pro se, removed this case to this court on January 25, 2013. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review this matter for relief and submit findings and recommendations to the District Judge. For the reasons that follow, the undersigned recommends that the District Judge remand this matter to the South Carolina Court of Common Pleas for Barnwell County ("Barnwell Court").

I.      Factual and Procedural Background

Plaintiff filed this motor vehicle collision case in the Barnwell Court on December 5, 2011. [Entry #1-1]. According to the complaint, Plaintiff and Defendants are all residents of South Carolina. *Id*. at 4–7. Defendants removed the action and filed a counterclaim against Plaintiff and a Third-Party Complaint against Diesel and Engine Services, Inc. ("DESI"), as the owner of Plaintiff's vehicle. [Entry #1, #2, #3]. The Counterclaim/Third-Party Complaint raises claims of perjury, fraud, bribery, and also property damage, invasion of privacy, and libel. [Entry #2 at 5].

II.     Discussion

A.      Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court.  While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one

2

district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the

applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

      B.    Standard of Review

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ... which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). We presume "that a cause lies outside this limited jurisdiction, ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. *See Maryland Stadium Auth. v. Ellerbe Becket,*

*Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (noting our duty to construe removal jurisdiction strictly because of the significant federalism concerns implicated by removal). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir.1999).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the pro se party could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    C.    Analysis

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted).

> Pursuant to 28 U.S.C. § 1441:
>
> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (in relevant part).

If a plaintiff alleges that his action arises under the Constitution or laws of the United States, 28 U.S.C. § 1331 may provide federal question jurisdiction. Here, Plaintiff's suit against Defendants arises out of alleged negligence in a motor vehicle collision. Such a claim does not arise under the Constitution or laws of the United States. *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983). A tort claim for negligence is based in state law. Even if Defendants' Counterclaim or Third-Party Complaint had stated a claim arising under federal law, the court would not have subject-matter jurisdiction over such claims. It is well-settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires that a federal question be presented on the face of the plaintiff's complaint for jurisdiction based upon 28 U.S.C. § 1331. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)); *see also King v. Marriott Int'l, Inc.*, 337 F.3d 421 (4th Cir.2003). Only actions that could have been originally filed in federal court may be removed from state court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, the court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Defendants may remove a state-law action to federal court if the requirements of 28 U.S.C. § 1332 have been met. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in

excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from that of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103. According to the complaint, and not disputed by Defendants, Plaintiff and Defendants are all citizens of South Carolina. Because complete diversity is lacking, this court cannot exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the undersigned recommends this action be remanded to state court.[1]

III.    Conclusion and Recommendation

Because Defendants have set forth no proper basis for federal subject- matter jurisdiction, removal is improper and it is recommended that this matter be remanded to the Court of Common Pleas in Barnwell County, South Carolina. If the District Judge declines to accept this recommendation and directs this matter to proceed in this court, the undersigned recommends that Defendants' motion to proceed *in forma pauperis* [Entry #5] be denied without prejudice because it is incomplete and has not been signed by both Defendants. In such an event, the undersigned recommends that Defendants be permitted 14 days from the date of the District Judge's order to file an amended motion to proceed *in forma pauperis*.

---

[1] The court also notes that Plaintiff would be entitled to remand based on Defendants' untimeliness in filing the Notice of Removal. Because the court lacks subject-matter jurisdiction and the timeliness issue is not yet ripe, the undersigned has not addressed it.

7

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 15, 2013                                              Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).