# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Christopher M. Cooper, ) | |
| ) | Civil Action No. 1:13-CV-239-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Tommy George and Sandra A. George, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on the Magistrate Judge's Report and Recommendation [Dkt. No. 14]. Plaintiff Christopher Cooper ("Plaintiff") filed a negligence action against Defendants Tommy George and Sandra A. George ("Defendants") as a result of a September 4, 2009, car accident. [Dkt. No. 1-1]. Plaintiff filed the case in the state court of South Carolina, County of Barnwell (Case No. 11-CP-06-456) on November 14, 2011. *Id.* Defendants removed the action to this court on January 25, 2013, and immediately filed a counterclaim. [Dkt. No. 2]. The counterclaim alleged negligence, moral turpitude, perjury, bribery, fraud, and abuse of the court process. *Id.*

The Magistrate Judge's Report and Recommendation ("Report"), filed on February 15, 2013, recommends, upon an initial review of this court's jurisdiction, that the case be remanded to state court. Upon an independent review of the Report, record and case law, the court agrees with the Magistrate Judge's Report. The case is hereby **REMANDED** to state court.

## STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate

1

Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

As thoroughly discussed in the Report, there is a split of authority as to whether a motion to remand is a dispositive motion that requires a report and recommendation, or a non-dispositive motion upon which a magistrate judge may enter an order (which is then reviewed under the more deferential "clearly erroneous or contrary to law" standard of 28 U.S.C. § 636(b)(1)(A)). [Dkt. No. 14 at 3-4]. The court need not determine whether a motion to remand is dispositive in this instance. The Magistrate Judge submitted a Report rather than an order in an abundance of caution and this court likewise has conducted a *de novo* review.

## DISCUSSION

The Magistrate Judge found that pursuant to the dictate from the Supreme Court that federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined," *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 109 (1941) (internal quotation omitted), that remand in this case was appropriate because the case presented neither diversity nor federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332. [Dkt. No. 14 at 5].

Defendants timely filed an objection to the Report. [Dkt. No. 22]. Defendants' first objection is that because "all parties to this case do not reside in South Carolina, there is diversity jurisdiction." *Id.* at 22. Defendants do not deny that Plaintiff and Defendants are all citizens of South Carolina. Defendants' argument seems to be that if certain insurance companies were joined to this action that there would be parties foreign to South Carolina. However, even if these

2

parties were properly joined (which they are not at this juncture), complete diversity of parties is required for federal court jurisdiction, meaning that the citizenship of each plaintiff must be different from that of each defendant.  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).   Thus, this court does not have diversity jurisdiction.

Next, Defendants assert that this court should exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331 because they have counterclaimed against the Blackville Police Department under Title VII of the Civil Rights Act of 1964. This argument fails for several reasons.  First and most importantly, federal question jurisdiction follows the "well-pleaded complaint rule," which demands that the federal question be present on the face of a plaintiff's complaint.  *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004).   Thus, Plaintiff's initial complaint, which only alleged state law counts of negligence, controls whether this court may exercise jurisdiction.   Second, Defendants did not name the Blackville Police Department in their counterclaim or allege any facts giving rise to a cause of action against the Department.   Finally, even if they had named the Department, Title VII of the Civil Rights Act protects against employment discrimination on the basis of race, color, religion, sex and national origin.  *See* 42 U.S.C. § 2000e *et seq*.   In their objection to the Report, Defendants are not alleging employment discrimination but an allegedly unlawful arrest.   Title VII is therefore inapposite and the court does not have federal question jurisdiction.

Moreover, even if this court did have jurisdiction over this action, as the Magistrate Judge pointed out, the removal in this instance was untimely.   The Magistrate Judge's Report is adopted and incorporated herein.

## CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 14].  This case is **REMANDED** to

3

South Carolina state court, County of Barnwell (Case No. 11-CP-06-456). Defendants' Motion to Proceed *in forma pauperis* [Dkt. No. 5] is **DENIED AS MOOT** without prejudice to Defendants raising the issue in state court. Defendants' Motion for Discovery [Dkt. No. 10] is **DENIED AS MOOT** without prejudice to Defendants raising the issue in state court. Plaintiff's Motion to Remand [Dkt. No. 21] is **GRANTED**. This case is closed.

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

United States District Judge

Greenville, South Carolina
May 21, 2013